FILED
NOV 02 2026
CLERK. U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY ______ DEPUTY

Brandon Glen Jackson
8711 Via Diego Ter
Lakeside, CA 92040
Telephone: 619-792-6619
Plaintiff, In Pro Per

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

Case No. 3:26-cv-03125-JLS-JAC

BRANDON GLEN JACKSON,

Plaintiff,

v.

CARL DEMAIO,

Defendant.

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO SET ASIDE ENTRY OF DEFAULT; DECLARATION OF BRANDON GLEN JACKSON

Judge: Hon. Janis L. Sammartino
Courtroom: 4D
Hearing: Vacated; motion taken under submission (ECF No. 12)

# PLAINTIFF'S OPPOSITION TO MOTION TO SET ASIDE ENTRY OF DEFAULT

## I. INTRODUCTION

Plaintiff Brandon Glen Jackson opposes Defendant Carl DeMaio's motion to set aside the Clerk's entry of default. The filed proof of service records personal delivery of the summons at the Alpine Community Center on May 22, 2026, and identifies Calissa Kanof as the server. (ECF No. 3 at 2.) The form identifies the summons as the document personally served; it does not expressly state that the complaint was delivered. DeMaio likewise places the encounter at approximately 6:30 p.m. on May 22 and admits receiving a summons, but says no complaint accompanied it. (ECF No. 8-1 ¶¶ 3–5.) Jackson maintains, based on his account of the event, that both documents were delivered and that many attendees witnessed

the handoff. DeMaio states approximately 100 people attended, without identifying who saw the delivery. (ECF No. 8-1 ¶ 3.) The record also includes USPS return-receipt material addressed to DeMaio. Jackson states that a signed San Diego return slip was returned to him and a separate Sacramento-office slip was returned torn in half.

Jackson acknowledges that his October 1 default-judgment motion recited May 27 in error; the proof records personal delivery of the summons on May 22. That correction does not resolve whether the complaint accompanied it. The Court should consider the proof, postal materials, and competing declarations without treating either account as established. The postal return receipt may support delivery or notice, but does not show what a mailing contained or satisfy California's prescribed notice-and-acknowledgment method. Jackson asks the Court to resolve the motion on this record and, if service is incomplete, allow a short Rule 4(m) period to complete service rather than dismiss the action. Now that DeMaio has appeared, Jackson asks for a prompt schedule so the parties can develop and present evidence, including evidence relevant to the First Amendment claim.

## II. GOVERNING STANDARD

Rule 55(c) permits setting aside an entry of default for "good cause." The Ninth Circuit considers culpable conduct, a meritorious defense, and prejudice; the factors are disjunctive. Because the default here was entered by the Clerk and no

default judgment has been entered, the Court has broad discretion to consider relief. Fed. R. Civ. P. 55(c); United States v. Signed Personal Check No. 730 of Yubran S. Mesle, 615 F.3d 1085, 1091–94 (9th Cir. 2010) (reversing denial of relief from default; explaining the culpability and meritorious-defense standards). Jackson recognizes the consequence of this authority: if the Court finds service insufficient, setting aside the Clerk's default is a substantial possibility. The opposition therefore addresses the service record directly and requests, in the alternative, a defined period to cure service rather than dismissal.

Proper service is a threshold issue. A summons must be served with a copy of the complaint. Fed. R. Civ. P. 4(c)(1). Service on an individual may be made by personally delivering both documents or by following California law. Fed. R. Civ. P. 4(e)(1), (2)(A). The proof establishes a May 22 handoff of the summons; whether the complaint was also delivered is disputed. Notice and receipt do not automatically substitute for compliance with the service rules.

## III. THE EVIDENCE SUPPORTS PERSONAL DELIVERY, BUT THE RECORD DISPUTE MUST BE ADDRESSED

The proof identifies Calissa Kanof and records that he personally served the summons at the Alpine Community Center on May 22, 2026. (ECF No. 3 at 2.) DeMaio confirms the date, location, and approximate time, but says he received only one sheet—the summons—and no complaint. (ECF No. 8-1 ¶¶ 3–5.) Jackson's position is that both summons and complaint were handed over. The proof does not

expressly identify the complaint among the documents personally delivered, so the Court must assess Jackson's account against DeMaio's sworn denial. Jackson states that many people witnessed the handoff; DeMaio confirms approximately 100 attendees, but does not identify who saw it. (ECF No. 8-1 ¶ 3.) Jackson asks the Court to accept May 22 as the date the summons was handed to DeMaio, correcting the May 27 date mistakenly recited in his prior default-judgment motion.

The USPS materials at ECF No. 3 at 2 include a San Diego domestic return receipt addressed to DeMaio. The card bears a signature and a handwritten recipient name that appears to read "Carl DeMaio"; the image does not conclusively identify the signer. The page also includes certified-mail receipts addressed to DeMaio at San Diego and Sacramento locations. Jackson states that the signed San Diego card was returned to him and that a separate Sacramento-office slip came back torn in half; the damaged slip is not separately filed. These materials support Jackson's account of efforts to deliver papers and may bear on notice. They do not establish the contents of the mailings or that the complaint accompanied the summons.

California Code of Civil Procedure section 415.30 requires mailing the summons and complaint with two copies of the statutory notice and acknowledgment and a prepaid return envelope. Service by that method is complete only when a written acknowledgment is executed and returned. Cal. Civ. Proc. Code § 415.30(a)–(c). Proof must include the statutory acknowledgment or another written acknowledgment satisfactory to the Court. Id. § 417.10(a). The USPS

return-receipt card is not the prescribed acknowledgment and does not identify the mailing contents; Jackson does not rely on it as independently completing service under section 415.30. The office declarations state that the summons and complaint were later received in San Diego and Sacramento, while disputing receipt of statutory acknowledgment materials. (ECF Nos. 8-2 ¶¶ 5–7; 8-3 ¶¶ 5–7.) That supports notice, but the legal sufficiency of service remains for the Court.

## IV. THE RULE 55(c) FACTORS DO NOT REQUIRE SETTING ASIDE DEFAULT IF SERVICE WAS PROPER

If the Court finds the complaint was personally delivered with the summons on May 22, the motion should be denied because the principal service objection would fail. DeMaio confirms he received the summons then, and staff declarations state that the offices later received both the summons and complaint. (ECF Nos. 8-1 ¶¶ 3–5; 8-2 ¶¶ 5–7; 8-3 ¶¶ 5–7.) The Clerk entered default on August 28. (ECF No. 5.) DeMaio moved to set it aside on October 13. (ECF No. 8.) The motion principally contests service and personal jurisdiction. Jackson asks the Court to resolve the service dispute on the evidence and, if service is valid, deny relief from default; he does not ask the Court to decide the underlying First Amendment merits on this motion.

Under Mesle, culpability generally requires bad faith to take advantage of the opposing party or manipulate the process; carelessness or a conscious failure to answer alone is insufficient. 615 F.3d at 1092. Jackson does not ask the Court to

infer bad faith from the return receipt alone. DeMaio's motion does not identify a substantive defense to the First Amendment claim; it principally argues defective service and lack of personal jurisdiction. (ECF No. 8 at 5–7.) If service is found valid, the Court should assess the three Rule 55(c) factors on this record. Jackson alleges continuing loss of access to the official account and asks for prompt proceedings. Any video evidence he has concerns the underlying First Amendment claim, not proof of service. (ECF No. 6-1 ¶¶ 4–9.)

The motion principally disputes service and personal jurisdiction. If service was defective, Jackson recognizes that the Rule 55(c) factors do not resolve that issue and requests an extension under Rule 4(m). If the Court finds service valid, he asks it to consider whether DeMaio has identified a meritorious defense and whether reopening would cause prejudice beyond delay or ordinary litigation expense. Jackson alleges continuing loss of access, but does not contend that this ongoing injury alone establishes prejudice from setting aside default. He requests a prompt schedule if default is set aside.

## V. ALTERNATIVELY, ALLOW A SHORT PERIOD TO COMPLETE SERVICE AND PROCEED

If the Court concludes that the complaint was not delivered with the summons or that service otherwise failed to comply with Rule 4, Jackson requests that the Clerk's default be set aside without dismissing the action and that he be allowed 30 days to complete service under Rule 4(m). A showing of good cause

requires an extension; the Ninth Circuit has also recognized a discretionary extension upon excusable neglect. Fed. R. Civ. P. 4(m); Lemoge v. United States, 587 F.3d 1188, 1198 (9th Cir. 2009). Lemoge reversed denial of Rule 60(b)(1) relief and directed a service extension where plaintiffs showed excusable neglect and refiling was time-barred; that limitations prejudice was materially greater than the present showing. Jackson requests this limited alternative so the case can proceed, not to treat postal receipts as completed service.

Jackson filed this action on May 19, 2026, and made repeated efforts to deliver the papers. DeMaio admits the May 22 handoff of the summons; his staff declarations acknowledge later receipt of the summons and complaint; and the docket includes USPS return-receipt material addressed to DeMaio. (ECF Nos. 1; 3 at 2; 8-1 ¶¶ 3–5; 8-2 ¶¶ 5–7; 8-3 ¶¶ 5–7.) DeMaio has now appeared through counsel, and the evidence can be developed through ordinary litigation. If the Court finds service incomplete, Jackson requests 30 days to complete service under Rule 4(m), with an answer deadline and prompt case-management schedule, rather than dismissal. The objective is to bring the parties into the case so the First Amendment claim can be tested through evidence and decided on its merits.

## VI. CONCLUSION

Jackson asks the Court to accept May 22 as the service date shown on the filed proof and consider the returned USPS receipt as evidence of delivery and notice. He requests denial of the motion if the Court finds the complaint

accompanied the summons. If the Court finds service defective, he requests that the Clerk's default be set aside without dismissal, 30 days to complete service under Rule 4(m), an answer deadline, and a prompt schedule so the First Amendment claim can proceed to merits litigation.

Dated: Nov 2nd, 2026. Respectfully submitted,

Signature: ______________________________ Brandon Glen Jackson, Plaintiff
In Pro Per

**DECLARATION OF BRANDON GLEN JACKSON**

I, Brandon Glen Jackson, declare:

1. I am the Plaintiff. I have personal knowledge of the facts stated here.

2. On May 22, 2026, at approximately 6:30 p.m. at the Alpine Community Center, Calissa Kanof personally served Carl DeMaio. The filed proof of service identifies Kanof and records May 22 as the date. (ECF No. 3 at 2.) The summons and complaint were delivered together. Dozens of people witnessed the handoff; DeMaio's declaration states that approximately 100 people attended the event. (ECF No. 8-1 ¶ 3.)

3. The USPS materials filed at ECF No. 3 at 2 include a San Diego domestic return receipt addressed to DeMaio. It bears a signature and a handwritten recipient name that appears to read "Carl DeMaio." I received the signed card, but cannot identify the signer from the image alone. The filed page also includes certified-mail receipts addressed to DeMaio at San Diego and Sacramento locations. A separate Sacramento-office slip was returned to me torn in half. That damaged slip is not separately filed; I have preserved it.

4. I made further efforts to deliver the summons and complaint to DeMaio's offices. The office-staff declarations state that the offices later received the summons and complaint, while disputing receipt of statutory notice-and-acknowledgment materials. (ECF Nos. 8-2 ¶¶ 5–7; 8-3 ¶¶ 5–7.)

5. I want this case to proceed on its merits. DeMaio has appeared through counsel, and I ask the Court to set a prompt schedule so the parties can develop and present evidence. If the Court finds service incomplete, I can arrange service by a qualified nonparty server within 30 days.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on Nov 2nd, 2026, at San Diego, California.

_____________________________________
Brandon Glen Jackson